IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COLLINS BONNEMA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>OFFICER LISA RAU, UNKNOWN POLICE OFFICERS, and the CITY OF CHICAGO,<br><br>　　Defendants. | No.　**FILED: JUNE 26, 2008**<br>**08CV3642**<br>**JUDGE DOW**<br>**MAGISTRATE JUDGE KEYS**<br>**AEE** |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER LISA RAU, UNKNOWN POLICE OFFICERS, (hereinafter, the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

## JURISDICTION

1.  The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.  PLAINTIFF is a resident of the State of Illinois and of the United States.

3.  The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

1

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**FACTS**

5. On or about October 26, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. Specifically, some or all of the DEFENDANT OFFICERS threw the PLAINTIFF on the ground despite the fact the PLAINTIFF had not resisted arrest, threatened the DEFENDANT OFFICERS, and was not a threat to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS, arrested and charged the PLAINTIFF with Providing Alcohol to Minors and Resisting Arrest, notwithstanding the fact that on October 26, 2007 the PLAINTIFF had not resisted arrest or provided alcohol to minors. This conduct violated the Fourth Amendment to the United States Constitution.

6. On or about October 26, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The

DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9. On October 26, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11. On or about October 26, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12. Upon information and belief, OFFICER LISA RAU, on October 26, 2007, came into physical contact with PLAINTIFF.

13. Upon information and belief, UNKNOWN POLICE OFFICERS, on October 26, 2007, came into physical contact with PLAINTIFF.

## EQUAL PROTECTION

14. The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

15. With regard to an Equal Protection Claim, PLAINTIFF was a "Class of One." In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis.

PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS. The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF. Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or potential claimants against Police Officers.

### SPECIFIC ALLEGATIONS REGARDING EQUAL PROTECTION CLASS OF ONE

16. The DEFENDANT OFFICERS, each of them, have arrested over 20 individuals prior to the arrest of the PLAINTIFF.

17. On at least 20 occasions prior to October 26, 2007 the DEFENDANT OFFICERS, each of them, have not falsified police reports.

18. On at least 20 occasions prior to October 26, 2007 the DEFENDANT OFFICERS, each of them, have not partaken in, or contributed to, the falsification of police reports.

19. On at least 20 occasions prior to October 26, 2007, wherein the DEFENDANT OFFICERS have had occasion to place individuals into custody and/or under arrest, they did not use too much force, under the circumstances.

20. The DEFENDANT OFFICERS, each of them, have been trained, prior to October 26, 2007, that upon the signing of a criminal complaint, there is a strong likelihood that a criminal action will commence against the party against whom the allegations are submitted in the criminal complaint.

21. OFFICER LISA RAU, on at least 20 occasions prior to and/or after October 26, 2007, has arrested individuals and has not falsified information contained within a police report with regard to the arrest.

4

22.    OFFICER LISA RAU, on at least 20 occasions prior to and/or after October 26, 2007, has signed criminal complaints and has not falsified information contained within said charging instruments.

23.    OFFICER LISA RAU, on at least 20 occasions prior to and/or after October 26, 2007, has not used too much force under the circumstances while OFFICER LISA RAU has been involved in an arrest of an individual(s).

24.    On October 26, 2007 there was no reasonable reason for OFFICER LISA RAU to falsify a police report and/or criminal complaint or use more force than was necessary with respect to PLAINTIFF.

25.    UNKNOWN POLICE OFFICERS, on at least 20 occasions prior to and/or after October 26, 2007, have arrested individuals and have not falsified information contained within a police report with regard to the arrest.

26.    UNKNOWN POLICE OFFICERS, on at least 20 occasions prior to and/or after October 26, 2007, have signed criminal complaints and have not falsified information contained within said charging instruments.

27.    UNKNOWN POLICE OFFICERS, on at least 20 occasions prior to and/or after October 26, 2007, have not used too much force under the circumstances while UNKNOWN POLICE OFFICERS have been involved in an arrest of an individual(s).

28.    On October 26, 2007 there was no reasonable reason for UNKNOWN POLICE OFFICERS to falsify a police report and/or criminal complaint with respect to PLAINTIFF.

## *MONELL* ALLEGATIONS

29. It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the CITY OF CHICAGO to perform the following acts and/or omissions:

   a. generate false documentation to cover-up for the misconduct of fellow police officers;

   b. engage in acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   c. fail to properly discipline officers from said police department who have committed act(s) of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

   d. fail to properly investigate a complaint of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a CITY OF CHICAGO police officer upon another;

   e. fail to take proper remedial action against a CITY OF CHICAGO police officer once it is determined that an act of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

   f. allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

   g. fail to provide adequate sanctions/discipline to officers who commit false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

   h. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    i. fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

    j. fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

    k. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    l. fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the CITY OF CHICAGO police department;

    m. fail to properly investigate officers who commit acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

    n. fail to take proper remedial action with officers who commit acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

    o. fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the CITY OF CHICAGO police department.

30. This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the CITY OF CHICAGO for a significant period of time, so much so, that police officers for the CITY OF CHICAGO recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the CITY OF CHICAGO police department in order to permit said conduct to re-occur.

31. A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

## COUNT I
### §1983 Excessive Force

32. PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

33. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

34. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

35. PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

36. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

37. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest –State Claim

38. PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

39. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

40. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery –State Claim

41. PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

42. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

43. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

44. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Malicious Prosecution - State Claim

45. PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

46. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

47. The DEFENDANT OFFICERS engaged in this effort without probable cause.

48. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

49. The underlying criminal charges were resolved in a manner indicative of innocence.

50. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT

OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT VI
### § 1983 Equal Protection – Class of One

51.	PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

52.	The actions of THE DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

53.	The aforementioned actions of said OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

### COUNT VII
### *Monell*

54.	PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

55.	As a direct and proximate result of the aforementioned acts and omissions by Defendant CITY OF CHICAGO there existed a custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO in which officers were not held accountable for their wrongful and/or illegal acts.

56.	Said custom, practice, policy, and/or pattern of the CITY OF CHICAGO encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the OFFICERS.

57. As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the CITY OF CHICAGO, PLAINTIFF was injured in a personal and pecuniary manner.

WHEREFORE, PLAINTIFF demands compensatory damages against the CITY OF CHICAGO, costs and attorneys' fees. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

58. PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

59. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

60. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

61. PLAINTIFF re-alleges paragraphs 1 – 31 as though fully set forth herein.

62. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agent(s) under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

## **JURY DEMAND**

63.     Plaintiff demands trial by jury.


Respectfully submitted,


s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz



**HORWITZ, RICHARDSON & BAKER LLC**
Two First National Plaza
20 S. Clark St. Suite 500
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 372-7076